JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FADDIS CONCRETE, INC.
3515 East Kings Highway
Downingtown, PA  19335

**(b)** County of Residence of First Listed Plaintiff   Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul A. Logan, Esquire, Powell, Trachtman, Logan, Carrle & Lombardo
475 Allendale Road, Suite 200, King of Prussia, PA  19406
610-354-9700

## DEFENDANTS
BRAWNER BUILDERS, INC.
11011 McCormick Road #300
Hunt Valley, MD  21031

County of Residence of First Listed Defendant   Baltimore County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☒ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
7/14/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Faddis Concrete, Inc., 3515 East Kings Highway, Downingtown, PA 19335

Address of Defendant: Brawner Builders, Inc., 1101 McCormick Road #300, Hunt Valley, MD  21031

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes☐   No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Paul A. Logan, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/14/2015 _____   _____   #30119
                                   Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/14/2015 _____   _____   #30119
                                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| FADDIS CONCRETE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRAWNER BUILDERS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )


| | | |
|---|---|---|
| 7/14/2015 | Paul A. Logan, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 610-354-9700 | 610-354-9760 | plogan@powelltrachtman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FADDIS CONCRETE, INC.**<br>**3515 EAST KINGS HIGHWAY**<br>**DOWNINGTOWN, PA  19335**<br><br>*Plaintiff*<br>**V.**<br><br>**BRAWNER BUILDERS, INC.**<br>**11011 MCCORMICK RD #300**<br>**HUNT VALLEY, MD 21031**<br><br>*Defendant* | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Faddis Concrete, Inc., by its attorneys, as and for its Complaint, alleges the following:

### PARTIES AND JURISDICTION

1.      Plaintiff Faddis Concrete, Inc. ("Plaintiff" or "Faddis") is a Pennsylvania corporation with a principal office located at 3515 East Kings Highway, Downingtown, PA 19335.

2.      Defendant Brawner Builders, Inc. ("Brawner") is a Maryland corporation with its principal place of business located in 11011 McCormick Rd #300, Hunt Valley, MD 21031.

3.      Jurisdiction is predicated upon 28 U.S.C.A. §1332, there being complete diversity between all plaintiffs and all defendants, and the matter in controversy, exclusive of interest and costs, is in excess of $100,000.

4.      Venue in this District is proper pursuant to 28 U.S.C.A.  §1391 (a) as some of the events which are the basis of these causes of action and which are asserted in this Complaint occurred in Downingtown, PA, which is within this District.

**BACKGROUND FACTS**

5.      Brawner entered into a contract ("SHA Contract") with the State of Maryland, State Highway Administration ("SHA") for work on a project described as State of Maryland, State Highway Administration/ SHA Contract No. H02485126 (F.A.P. No. NH-95-3 (197)E, extension of existing southbound I-95 Timberview Community Noise Barrier 5000 ft. North of MD 100 to Montgomery Road). ("Project")

6.      Faddis an approved post and panel supplier and Faddis and Brawner entered into a contract ("Material Contract") whereby Faddis agreed to furnish the concrete panels on the Project.

7.      Faddis fabricated the concrete panels for the Project at its plant located in Downingtown, Pennsylvania.

8.      By way of a letter dated May 2, 2014, during Faddis' performance of the Material Contract, SHA's representative, David Coyne, sent a letter to Brawner and advised Brawner that the SHA believed that the concrete panels manufactured by Faddis contained "aggregate from an unapproved source." The letter asserted that because of the use of "larger unapproved aggregate in the mix", the required concrete panel strength of 5000 psi could not be verified.

9.      The SHA's May 2, 2014, letter was factually erroneous and contained erroneous conclusions.

10.     One of the immediate results of SHA's May 2, 2014, letter was the SHA's halting Faddis' work and imperative that Faddis resolve SHA's purported issues.

11.     Although the SHA, through Coyne's letter, claimed that there were deviations from the specifications, in point of fact, the SHA had not researched all the facts and circumstances related to the fabrication of panels for the Project prior to halting Faddis' work.

2

12.    By way of example, only, the SHA, through Coyne, had failed to comprehend the SHA's own Project-specific requirements for the panels, before reaching his conclusions respecting the application of standard specification sections 455.01.02 and 900.01 and causing the disruption of the Project and Faddis' work.

13.    Further, the issues raised by the SHA in Coyne's May 2, 2014, letter had been addressed with others at the SHA *prior* to Coyne's letter so the SHA's direction and actions were without any merit.

14.    Nevertheless, Faddis provided the specific details to Brawner and the SHA which should have resolved the issues raised by SHA in its May 2, 2014, letter to Brawner, but that did not happen.

15.    Although the SHA, through Brawner, was provided with fully responsive documentation that addressed all the issues the SHA had raised, including the fact that the SHA, itself, was a participant in the approvals of the materials it had later challenged and raised in Coyne's letter as problematic, SHA continued to "suspend" the completion of the Project and most egregiously "suspended" Faddis' Downingtown plant from all production on all Maryland SHA projects resulting in the commencement of Faddis' accrual of substantial damages.

16.    Specifically, Faddis' work on the Project was made more expensive.

17.    Faddis' Downingtown plant was rendered unproductive and unprofitable and manpower, equipment and facilities were idled because Faddis could not begin new work while the Project work remained incomplete.

18.    The result was a total disruption to Faddis' entire operation at its Downingtown plant.

3

19.     During this same time period, unbeknownst to Faddis, and without any notice to Faddis or warning of its impending actions, the SHA communicated with the Virginia Department of Transportation ("VDOT") and the Pennsylvania Department of Transportation ("PennDOT") stating to them that Faddis was "suspended" by the SHA for quality reasons and "warning" other highway departments of Faddis' alleged deficiencies in its quality producing panels and posts.

20.     Faddis is unaware of whether the SHA communicated with other state highway administrations, public entities, the Federal Highway Administration or contractors, in addition to VDOT and PennDOT for which Faddis regularly performed and performs work, furnishes precast concrete products and is a "prequalified supplier" of concrete products.

21.     The SHA's actions were unprivileged, factually baseless, disparaging and, as detailed below, interfered with contracts and Faddis' ability to procure work, because, as a consequence of the SHA's actions, Faddis was suspended from continued production in Virginia and bidding, all of which seriously harmed Faddis in Virginia.

22.     Specifically, as a result of the SHA's actions as it relates to VDOT, Faddis' manufacturing facility in Virginia was suspended by VDOT, Faddis' work on several projects in Virginia were halted; Faddis was prevented from bidding on other projects because the production suspension by VDOT was of an unlimited duration and Faddis was substantially and seriously damaged.

23.     Months after its precipitous action, the SHA eventually conceded that it was in error.

24.     The SHA conceded that Faddis had not failed to fully and properly perform on the Project.

4

25.     The SHA conceded that the conduct by the SHA was inappropriate and that the person who had sent letters to VDOT and PennDOT had done so without authority, prior authorization or a factual basis.

26.     The SHA thereafter sent letters to VDOT and PennDOT, attempting to withdraw its earlier misstatements and ameliorate the harm the SHA had caused Faddis.

27.     Even though the false and disparaging statements were attempted to be "withdrawn" by SHA, Faddis was seriously harmed and has been and continued to be damaged by the SHA's conduct with significant financial consequences which have continued to accrue.

28.     Faddis damages resulting from the SHA's conduct exceeds $1 million and there are other damages still being incurred due to the fallout from SHA's actions.

29.     Faddis has not been compensated for the impacts of the suspension of Faddis, Downingtown plant on the Project.

<u>FADDIS' CLAIMS</u>

30.     At all times relevant hereto, Faddis had a direct contract with Brawner, but no direct contract with SHA.

31.     As a matter of Maryland statutes, i.e. "The Code of Maryland Regulations" ("COMAR"), there is a prescribed procedure for the prosecution of all claims arising out of the SHA's actions related to the Project and the conduct described above.

32.     The COMAR dictates a "step process" for claim review, which in instances where claims are being pursued on behalf of suppliers and subcontractors, the claim must be initiated by the prime contractor.

33.     Brawner was obligated to pass through all of Faddis' claims against the SHA and not impede the rights of Faddis to recover the damages it sustained.

5

34.     The procedures are described in COMAR include that the claim must first be presented to the SHA by the "Contractor."

35.     The regulations respecting the "Filing of Claim by Contractor" (COMAR 21.10.04.02) include timing and procedural the requirements.

36.     As it relates to all claims by Faddis respecting the conduct by the SHA, Brawner was required to initiate the claims, with proper notice to the SHA, to facilitate Faddis prosecution of the claims.

37.     Faddis provided multiple timely and proper notices to Brawner requesting that notices of claims be presented to the SHA and thereafter, Faddis' claim be presented to the SHA.

38.     Faddis gave specific notice to Brawner of its claims and requested that they be passed through to the SHA.

39.     By way of example, only, on June 23, 2014, Faddis wrote to Brawner requesting that Brawner give supplemental notice to the SHA of the claim and consequences of the SHA's interferences with VDOT and PennDOT.  A true and correct copy of Faddis' June 23, 2014, letter to Brawner is attached as Exhibit "A."

40.     At no time was Brawner asked to assume the costs of the prosecution of the claims, but instead only to pass through the claims in a timely way so as to facilitate Faddis' claim prosecution so that none of Faddis' claims would be prejudiced by any act or omission by Brawner or any releases of SHA by Brawner or refusals by Brawner to provide notices to the SHA.

41.     In order to protect its rights to the maximum extent possible, Faddis separately gave notice to the SHA in June, 2014, of the accrual of its claims.

6

42.     Faddis provided "direct" notice to the SHA; however, the SHA referenced the provisions of the COMAR as the procedure to follow for all of Faddis' claims.

43.     Faddis has specifically requested that Brawner facilitate the pursuit of Faddis claims for damages accruing as a result of the SHA's conduct, but for reasons still undisclosed to Faddis, upon information and belief, Brawner has refused to act, as of the date of this Complaint, continues to refuse to facilitate the pursuit of any claims by or on behalf of Faddis against the SHA.

44.     Brawner's conduct is a material breach of the Material Contract which has resulted in Brawner's assumption of the responsibility for the damages sustained by Faddis as a result of the actions by the SHA.

45.     In addition to the foregoing obligations, Brawner has accrued indebtedness to Faddis for work performed for Brawner on the Project.

46.     Brawner has accrued but unpaid Material Contract obligations in the following amounts:

    (a)     Unpaid contract balance: $132,026.94

    (b)     Unpaid trucking charges $36,353 in additional trucking charges.

47.     Brawner is liable to Faddis for all damages incurred by Faddis as a result of the above to the extent any of Faddis' claims have been prejudiced.

## COUNT I: BREACH OF CONTRACT

48.     Faddis incorporates by reference as part of this Count all averments of this complaint as though more fully set forth herein again at length.

7

49.    Brawner breached its Material Contract with Faddis by failing to pass through and allow the pursuit of claims against the SHA thereby assuming the responsibility for these damages.

50.    Brawner failed to pay for all amounts due under the Material Contract, including the unpaid contract balance in the amount of $132,026.94 and unpaid trucking charges in the amount of $36,353.00.

51.    As a result of the breaches by Brawner, Faddis is entitled to recover its costs and counsel fees, penalty interest and statutory interest in accordance with 73 Pa. C.S. §§ 501-516 (or in the alternative, Md. Code, Real Property, §§ 9- 301 to 9-304 or Md. State Fin. & Proc. §§ 15- 101 to 15-108, 15- 226).

WHEREFORE, Faddis Concrete, Inc. requests the following relief against Brawner Builders, Inc.:

    A.    An award of compensatory damages in the amount of $168,379.94; plus,

    B.    An award of compensatory damages in an amount to be determined due to the suspension of Faddis' work on the Project, suspension of work at Faddis' Downingtown plant; plus

    C.    An award of compensatory damages in an amount to be determined due to the suspension of Faddis in Virginia, the impact of the actions in Pennsylvania, and consequential damages which have been lost or prejudiced by Brawner's failures to pass on notices and pursue/facilitate the pursuit of damages against the Maryland State Highway Administration; plus,

#1498753v1 4898-07

D.      An award of compensatory and consequential damages in an amount to be determined due to the actions and inactions of Brawner and delays to Faddis' operations; plus,

E.      Counsel fees and costs, as permitted by law pursuant to 73 Pa. C.S. §§ 501-516 (or in the alternative, Md. Code, Real Property, §§ 9- 301 to 9-304 or Md. State Fin. & Proc. §§ 15- 101 to 15-108, 15- 226); plus,

F.      Such additional relief as the Court shall deem appropriate.

## COUNT II - BREACH OF CONTRACTUAL DUTIES

52.     Faddis incorporates by reference as part of this Count all prior averments as though more fully set forth herein again at length.

53.     At all times, Brawner owed Faddis the duty to pass through and not prejudice Faddis' separate claims arising out of the actions of the SHA.

54.     Faddis accrued rights to recover damages arising out of the actions of the SHA.

55.     Brawner was provided timely and substantively correct notices of claim by Faddis and specifically requested that Brawner pass through Faddis' claims.

56.     Brawner, without excuse, justification or explanation to Faddis, failed and refused to pass on Faddis' claims to the SHA, thereby irreparably prejudicing Faddis rights.

57.     Brawner assumed responsibility for the consequences of its actions including the liability of the SHA for damages to Faddis.

WHEREFORE, Faddis Concrete, Inc. respectfully demands judgment in its favor and against Brawner Builders, Inc.:

A.      An award of compensatory damages in the amount of $168,379.94; plus,

B.      An award of compensatory damages in an amount to be determined due to

9

the suspension of Faddis' work on the Project, suspension of work at Faddis'

Downingtown plant; plus

C.      An award of compensatory damages in an amount to be determined due to

the suspension of Faddis in Virginia, the impact of the actions in Pennsylvania,

and consequential damages which have been lost or prejudiced by Brawner's

failures to pass on notices and pursue/facilitate the pursuit of damages against the

Maryland State Highway Administration; plus,

D.      An award of compensatory and consequential damages in an amount to be

determined due to the actions and inactions of Brawner and delays to Faddis'

operations; plus,

E.      Counsel fees and costs, as permitted by law pursuant to73 Pa. C.S. §§ 501-

516 (or in the alternative, Md. Code, Real Property, §§ 9- 301 to 9-304 or Md.

State Fin. & Proc. §§ 15- 101 to 15-108, 15- 226); plus,

F.      Such additional relief as the Court shall deem appropriate.

## COUNT III: BRAWNER'S INTERFERENCE WITH STATUTORY RIGHTS

58.      Faddis hereby incorporates by reference the foregoing and following paragraphs

as though fully set forth.

59.      By virtue of its unauthorized conduct, the SHA violated the procedural and

substantive due process of Faddis, as a result of which the SHA was liable to Faddis for the

violation of Faddis' civil rights pursuant to 42 U.S.C. §1983.

60.      By virtue of its conduct, the SHA caused Faddis to suffer significant damages and

irreparable harm to their reputation and ability to contract with suppliers, subcontractors,

sureties and owners.

10

#1498753v1 4898-07

61.     Faddis was entitled to damages because the SHA, without any right or privilege, interfered with Faddis' status as an approved and prequalified material supplier in the State of Maryland, State of Virginia and Commonwealth of Pennsylvania, depriving Faddis of these property rights without affording it due process.

62.     Upon information and belief, the now admitted errors of the SHA have not been fully addressed and Faddis is entitled to relief to halt the continuing harm to its ability to secure additional work and also to its reputation as a professional supplier contractor.

63.     By virtue of their above conduct, the SHA has violated and continues to violate the procedural and substantive due process rights of Faddis, as a result of which the SHA is liable to Faddis for violating Faddis's civil rights, pursuant to 42 U.S.C. Section 1983.

64.     By virtue of such conduct, the SHA have caused and is continuing to cause Faddis to suffer damages.

65.     Although the SHA should be primarily liable to Faddis, because of the actions of Brawner, it has assumed the damages for the damages sustained by Faddis and all consequences of the conduct by the SHA.

WHEREFORE, Faddis Concrete, Inc. respectfully demands judgment in its favor and against Brawner Builders, Inc.:

A.     An award of compensatory damages in the amount of $168,379.94; plus,

B.     An award of compensatory damages in an amount to be determined due to the suspension of Faddis' work on the Project, suspension of work at Faddis' Downingtown plant; plus

C.     An award of compensatory damages in an amount to be determined due to the suspension of Faddis in Virginia, the impact of the actions in Pennsylvania,

11

and consequential damages which have been lost or prejudiced by Brawner's failures to pass on notices and pursue/facilitate the pursuit of damages against the Maryland State Highway Administration; plus,

  D. An award of compensatory and consequential damages in an amount to be determined due to the actions and inactions of Brawner and delays to Faddis' operations; plus,

  E. Counsel fees and costs, as permitted by law pursuant to 73 Pa. C.S. §§ 501-516 (or in the alternative, Md. Code, Real Property, §§ 9- 301 to 9-304 or Md. State Fin. & Proc. §§ 15- 101 to 15-108, 15- 226); plus,

  F. Such additional relief as the Court shall deem appropriate.

## COUNT XI:  UNJUST ENRICHMENT; IMPOSITION OF CONSTRUCTIVE TRUST

66. Faddis incorporates by reference as part of this Count all averments of this complaint as though more fully set forth herein again at length.

67.  As set forth above, Brawner knew that Faddis had accrued costs and damages and Brawner nevertheless took the actions described herein.

68. Upon information and belief, Brawner received concessions and consideration from the SHA for not pursing the Faddis claims.

69. Based on the foregoing, Brawner has been unjustly enriched.

70. As a result of the foregoing, the Court should impose a constructive trust on Brawner's SHA Contract proceeds and award such relief as is necessary to secure such assets and proceeds for the benefit of Faddis.

  WHEREFORE, Plaintiff Faddis Concrete, Inc. respectfully demands judgment in its favor and against Brawner Builders, Inc.:

12

A.      An award of compensatory damages in the amount of $168,379.94; plus,

B.      An award of compensatory damages in an amount to be determined due to the suspension of Faddis' work on the Project, suspension of work at Faddis' Downingtown plant; plus

C.      An award of compensatory damages in an amount to be determined due to the suspension of Faddis in Virginia, the impact of the actions in Pennsylvania, and consequential damages which have been lost or prejudiced by Brawner's failures to pass on notices and pursue/facilitate the pursuit of damages against the Maryland State Highway Administration; plus,

D.      An award of compensatory and consequential damages in an amount to be determined due to the actions and inactions of Brawner and delays to Faddis' operations; plus,

E.      Counsel fees and costs, as permitted by law pursuant to 73 Pa. C.S. §§ 501-516 (or in the alternative, Md. Code, Real Property, §§ 9- 301 to 9-304 or Md. State Fin. & Proc. §§ 15- 101 to 15-108, 15- 226); plus,

F.      Such additional relief as the Court shall deem appropriate.

> **POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
>
> Paul A. Logan, Esquire
> 475 Allendale Road, Suite 200
> King of Prussia, PA  19406
> Tel: (610) 354-9700/Fax: (610) 354-9760
> *Attorneys for Faddis Concrete, Inc.*

Dated:  July 14, 2015

13

#1498753v1 4898-07

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of twelve on all issues so triable.

14

# EXHIBIT "A"

2206 Horseshoe Pike, Honey Brook, PA 19344

610 269-4685, 610 942-2629 (Fax)



June 23, 2014

Brawner Builders, Inc.
11011 McCormick Road, Suite 300
Hunt Valley, Maryland 21031

Re:   Faddis Concrete Products State of Maryland, State Highway
Administration/ SHA Contract No. H02485126 (F.A.P. No. NH-
95-3 (197)E, extension of existing southbound I-95 Timberview
Community Noise Barrier 5000 ft. North of MD 100 to
Montgomery Road).

Gentlemen:

Faddis Concrete Products, Inc. ("Faddis") requests that Brawner Builders, Inc.
("Brawner") provide it with the notice of claim letter sent to the State of Maryland, State
Highway Administration related to the above contract for the abatement of time/liquidated
damages and payment of additional costs incurred by Faddis and all claims by Brawner.  In
addition, we ask that Brawner furnish to the SHA a copy of this letter which serves to
supplement the prior notice and advise the SHA of the continuing and additional damages related
to SHA's "notices" to VDOT and PennDOT.

Faddis has incurred and continues to incur costs related to the directions it has received
from SHA, statement of noncompliance with specifications and halting operations at Faddis'
Downingtown, PA plant.  Faddis therefore requests that Brawner supplement all prior notices to
advise SHA that its actions continue to result in damages related to the idling of Faddis' plant
and equipment as it relates to this contract.  Faddis has and will again notify the SHA of its
claims related to other impacts due to its directions.

Thank you.

J. Robert Hess Jr.
Faddis Concrete Products

Cc: Paul A. Logan



2206 Horseshoe Pike, Honey Brook, PA 19344

610 269-4685, 610 942-2629 (Fax)

**Faddis**
**Concrete Products**

June 23, 2014

David J. Coyne, District Engineer
State Highway Administration
Maryland Department of Transportation
5111 Buckeystown Pike
Frederick, Maryland 21704

Re:    Faddis Concrete Products State of Maryland, State Highway
Administration/ Notice of continuing claim

Gentlemen:

Faddis Concrete Products, Inc. ("Faddis") hereby supplements the notices of claims previously submitted by Brawner Builders, Inc. ("Brawner") and furnished to the State of Maryland, State Highway Administration ("SHA") counsel by our attorney.

SHA directions have impacted Faddis as it specifically relates to the contract between Faddis and Brawner. The SHA's direct communications with Faddis, albeit not contract specific, have resulted in the halting operations at Faddis' Downingtown, PA plant. Still further, the SHA has caused Faddis of the continuing and additional damages related to SHA's "notices" to VDOT and PennDOT and what we believe to have been notices to others with whom Faddis has contracted on other SHA projects.

Be advised that Faddis has incurred and continues to incur costs related to the actions and directions it has received from SHA, SHAs' statement of purport "noncompliance with specifications", the suspension of work on Brawners' project, the delayed responses and the halting of operations at Faddis' Downingtown, PA plant. Faddis therefore supplements all prior notices and advises the SHA that its actions continue to result in damages for which Faddis reserves the right to recover damages for all costs including those related to the idling of Faddis' plant and equipment and interferences with other contracts and Pennsylvania's and Virginia's Departments of Transportation.

Faddis requests that the SHA take immediate steps to abate the harm to Faddis and address these claims and impacts due to its directions and actions.

Very truly yours,

J. Robert Hess Jr.
Faddis Concrete Products

Cc: Paul A. Logan

www.faddis.com



info@faddis.com