UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

January 18, 2017

TO COUNSEL OF RECORD

Re: *Faddis Concrete, Inc. v. Brawner Builders, Inc.*
Civil No. ELH-15-3975

Dear Counsel:

This case was referred to me for purposes of discovery on July 25, 2016 (ECF 42). On December 23, 2016, Defendant, Brawner Builders filed a motion to compel discovery (ECF 57). Defendant is seeking information from Plaintiff relating to income, profits and losses from 2010 to the present. Plaintiff objects on the basis that the request is overbroad and seeks information protected by the attorney client privilege. Plaintiff Faddis filed a motion for a protective order on December 27, 2016 (ECF 58). Brawner Builders filed a response on December 30, 2016 (ECF 60). No reply was filed.

This case arises from a contractual dispute between Brawner Builders and Faddis, with other parties factually intertwined. Faddis supplied soundproofing panels to Brawner who was contracted by the Maryland State Highway Administration (SHA) to install the panels along major roadways. The panels were defective and failed to meet SHA specifications. SHA rejected the products which caused delay to the project and damages to be incurred by Brawner. Brawner invoiced Faddis for the damages and when Faddis failed to pay, Brawner withheld funds from Faddis to cover Brawner's losses. Faddis then filed this claim, not only alleging the damages from the withheld amount but also damages Faddis alleges occurred due to loss of business in Maryland, Virginia and Pennsylvania.

The unpaid amount of the contract that was withheld by Brawner was approximately $130,000. This represents a very small portion of damages Plaintiff alleges were caused by Brawner. Plaintiff alleges that an SHA employee, not Brawner, interfered with the contracts with the Virginia Department of Transportation and the Pennsylvania Department of Transportation by notifying those entities of Faddis' defective materials and problematic performance under the contract. As a result, Plaintiff was debarred from contracts with Pennsylvania and Virginia. Specific to these outstanding motions, Plaintiff alleges that the conduct of Brawner (through SHA it appears) had a serious impact on its business, causing two of Plaintiff's plants to close and a loss in excess of $2.3 million dollars.

At issue are documents that relate directly to Plaintiff's claim for damages. Plaintiff has alleged that Defendant's conduct caused two of its plants to close and a loss of $2.3 million

*Faddis Concrete v. Brawner Builders, Inc.*
Civil No. ELH-15-3975
January 18, 2017
Page 2

dollars. Defendant argues that the documents requested, in short – records of profit and losses from 2010 to the present, are critical to its defense. The Court agrees. Plaintiff's claim and damages put the issue of the state of its business on trial. Defendant would be completely unable to defend against this claim without the information regarding the economic health of Faddis' business. It does not take great speculation or imagination to see that there could have been many other factors that contributed to economic losses incurred by Plaintiff and closure of the Virginia and Pennsylvania plants. Even if Plaintiff's theory is successful at trial, Defendant would be defenseless in determining damages that were proximately caused by Brawner Builders.

With respect to the argument that the request for production of documents is overbroad, the materials requested should be available and kept in the normal course of business. The records requested are standard recordkeeping materials used for tax and other business purposes. The request is not overbroad but responds directly to Faddis' claims for damages. The materials are inclusive without being overburdensome. In its request, Brawner has complied with Local Rule Appendix A, Guideline 1 in that the request is relevant to its defenses and proportional to what is at issue in the case.

Turning now to the issue of privilege, Brawner asserts that Faddis has waived any issue of privilege by failing to comply with Fed. R. Civ. P. 26(b)(5). The party asserting the privilege bears the burden of proving that the particular communication or information is privileged under the statute. *Vellone v. First Union Brokerage Services, Inc.*, 203 F.R.D. 231 234 (D.Md. 2001). Fed. R. Civ. P. 26(b)(2) requires "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged ..., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged ..., will enable other parties to assess the applicability of the privilege ...." Failure to comply with Rule 26(b)(2) alone would permit a Court to order disclosure of otherwise privileged material. *Vellone* at 235. In its response to the Motion to Compel, Faddis simply asserts that the material is privileged. Here, Faddis clearly has failed to comply with the requirements of Rule 26(b)(2). The Court agrees with Brawner that Faddis has waived any claim of privilege as to the Second Document Request at issue. *Faddis, supra.*

In its motion for a protective order, Faddis stated that should the Court compel production of documents, counsel agreed to a confidentiality stipulation and the parties can proceed pursuant to Local Rule 104.13 regarding proposed confidentiality orders. The Court continues to recommend the parties work together to resolve any other outstanding issues in order to bring this case to a resolution.

The Ruling of the Court is as follows:

The Motion to Compel (ECF 57) is GRANTED.

The Plaintiff's Motion for a Protective Order (ECF 58) is DENIED.

*Faddis Concrete v. Brawner Builders, Inc.*
Civil No. ELH-15-3975
January 18, 2017
Page 3

    Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge

cc: Judge Ellen L. Hollander